IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MATTHEW A. SMITH,

    Plaintiff

v.                                                                                C.A. No.: 5:21-cv-00717

MATRIX MINDS, LLC, D/B/A CLOUD 9 VAPOR SHOP,
and CARL FOOTE,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MATTHEW A. SMITH, by and through his undersigned counsel, sues Defendants, MATRIX MINDS, LLC, D/B/A CLOUD 9 VAPOR SHOP, and CARL FOOTE, and in support thereof states as follows:

## BACKGROUND FACTS

1. Plaintiff, MATTHEW A. SMITH, is an individual residing in Guadalupe County, Texas.

2. In April of 2015, Plaintiff, MATTHEW A. SMITH, began working for Defendant, MATRIX MINDS, LLC, D/B/A CLOUD 9 VAPOR SHOP, as a "Sales Manager." Plaintiff began being paid at the hourly rate of $15.50 per hour on January 9, 2021. In the two-year period preceding January 9, 2021, Plaintiff was paid at the rate of $14.00 per hour.

3. Plaintiff's duties included processing credit cards and the handling of

goods and materials that originated from outside the state of Texas, the manufacture of vaping liquids for interstate commerce, and other duties for Defendant, MATRIX MINDS, LLC, D/B/A CLOUD 9 VAPOR SHOP.

4. Defendant, MATRIX MINDS, LLC, D/B/A CLOUD 9 VAPOR SHOP, operates a smoking accessory business in Guadalupe County, Texas.

5. Plaintiff situated, handled goods and products that were made for, or moving in, interstate commerce.

6. Defendant, CARL FOOTE, is an individual residing in Guadalupe County, Texas, who at all times relevant to this matter, acted directly or indirectly in the interest of Defendant, MATRIX MINDS, LLC, D/B/A CLOUD 9 VAPOR SHOP, in relationship to Plaintiff.

7. Defendant, CARL FOOTE, is an owner of Defendant, MATRIX MINDS, LLC, D/B/A CLOUD 9 VAPOR SHOP.

8. Defendants, CARL FOOTE, had knowledge of Plaintiff's work and accepted the benefits of Plaintiff's work.

9. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

**UNPAID OVERTIME WAGES UNDER FLSA**

10. This is an action for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

11. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

12. Venue is proper in this district under 28 U.S.C. § 1391.

13. Defendant, MATRIX MINDS, LLC, D/B/A CLOUD 9 VAPOR SHOP, is a corporation formed and existing under the laws of the State of Texas and maintains offices in Guadalupe County, Texas.

14. Defendant, MATRIX MINDS, LLC, D/B/A CLOUD 9 VAPOR SHOP, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

15. At all times material to this complaint, Defendant, MATRIX MINDS, LLC, D/B/A CLOUD 9 VAPOR SHOP, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

16. At all times material to this complaint, Defendant, MATRIX MINDS, LLC, D/B/A CLOUD 9 VAPOR SHOP, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

17. Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of

Defendants' business activities. Thus, throughout his employment, Plaintiff was individually covered under the FLSA.

18. At all times material to this complaint, Defendant, CARL FOOTE, owned and operated MATRIX MINDS, LLC, D/B/A CLOUD 9 VAPOR SHOP in Guadalupe County, Texas, and Plaintiff's claims herein arose in Guadalupe County, Texas.

19. As a regular and recurring part of his job duties, Plaintiff manufactured vaping liquids that were subsequently shipped to other locations in Nebraska.

20. At all times material hereto, Defendant, CARL FOOTE, as an agent of MATRIX MINDS, LLC, D/B/A CLOUD 9 VAPOR SHOP (1) possessed the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedule or conditions of employment, (3) determined the Plaintiff's rate and method of payment, (4) maintained Plaintiff's employment records; and, (5) possessed the decision making power to pay overtime owed to Plaintiff and other employees. Thus, Defendant, CARL FOOTE, is an "employer" as defined by 29 U.S.C. § 203(d).

21. Plaintiff worked for Defendants from April of 2015, to the present, but was not paid one and one half-times Plaintiff's regular rate for all hours worked in excess of 40 during the workweek in accordance with the FLSA. Defendants paid deducted hours from Plaintiff's pay for lunch breaks whether Plaintiff actually took

a lunch break or not. Defendant automatically deducted from 5 to 7 hour per workweek from Plaintiffs hours despite the fact that Plaintiff rarely took a lunch break. These unlawfully deducted hours would have been overtime hours.

22. Defendants failed to act in good faith and/or reasonably in their efforts to comply with the FLSA; thus, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

23. Defendants have willfully failed to pay Plaintiff overtime wages. Defendants either knew, or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

24. The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation.

25. As a result of Defendant's unlawful conduct, Plaintiff, MATTHEW A. SMITH, is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid, but should have been paid.

26. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, MATTHEW A. SMITH, demand Judgment, jointly and severally, against Defendants, MATRIX MINDS, LLC, D/B/A CLOUD 9 VAPOR SHOP, and CARL FOOTE, for the following:

a. Unpaid overtime wages found to be due and owing;

b. An additional amount equal to the amount of unpaid overtime wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff, MATTHEW A. SMITH, demands a jury trial on all issues so triable.

Respectfully submitted July 28, 2021.

**ROSS • SCALISE LAW GROUP**

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
1104 San Antonio Street
Austin, Texas 78701

            (512) 474-7677 Telephone
            (512) 474-5306 Facsimile
            Charles@rosslawgroup.com
            Attorneys for Plaintiff